Fern M. Steiner
CA Bar # 118588
Fsteiner@ssvwlaw.com
SMITH, STEINER, VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, California 92101
Telephone: 619-239-7200
Facsimile: 619-239-6048

T. REID COPLOFF
trc@wmlaborlaw.com
WILLIAM W. LI
wwl@wmlaborlaw.com
WOODLEY & McGILLIVARY LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Barry Links<br>Christopher Sovay<br>Steve Vandewalle<br><br>                Plaintiffs,<br><br>     vs.<br><br>CITY OF SAN DIEGO<br><br>                Defendant. | CASE NO.  '17 CV0996 CAB BGS<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION, AND OTHER RELIEF** |

**Preliminary Statement**

1. The plaintiffs are current or former employees of the defendant City of San Diego, California, and they bring this action on behalf of themselves and other employees similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

**Jurisdiction and Venue**

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. Plaintiff Barry Links is an employee of the defendant City of San Diego, at the San Diego Fire-Rescue Department.

5. Plaintiff Christopher Sovay is an employee of the defendant City of San Diego, at the San Diego Fire-Rescue Department.

6. Plaintiff Steve Vandewalle is an employee of the defendant City of San Diego, at the San Diego Fire-Rescue Department.

7. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as

Exhibit A. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

8. The defendant in this action is the City of San Diego, California, which has a principal place of business within the County of San Diego in the Southern District of California.

## Facts

9. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City of San Diego at the San Diego Fire-Rescue Department as a Helicopter Rescue Medic ("HRM").

10. As HRMs, plaintiffs work within the Air Operations Division, providing support services for helicopters designated as air ambulances.

11. HRMs spend their flights administering medical care or waiting to administer medical care. These medical care duties include assessing, treating, and possibly transporting a patient from an accident scene or from a rescue ambulance that has already removed the patient from the scene.

12. In addition, HRMs assist in fueling the helicopter, and provide passengers with safety briefings.

13. On infrequent occasions, the helicopters designated as air ambulances may be used to drop water on brush fires or to map out brush fires.

14. On these occasions, HRMs may load a hose and fittings on to the helicopter, or may fill the helicopter with water and fuel if the HRM is present at a designated area close to a water source, known as a "helispot."

15. On these occasions, HRMs do not ride in the helicopter when it drops water on the fire.

16. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

17. The defendant City of San Diego is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). On information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

18. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

19. Within the last three years, while working as HRMs, plaintiffs were assigned to work 24-hour shifts.

20. Plaintiffs work a regular schedule in which they work an average 56-hour workweek, consisting of nine 24-hour shifts in a 28-day period. This schedule routinely causes plaintiffs to work more than 40 hours in a workweek.

21. On information and belief, until January 2017, defendant applied a 28-day work period under section 207(k) of the FLSA to plaintiffs when calculating their FLSA overtime pay. 29 U.S.C. § 207(k).

22. Until January 2017, defendant failed and refused to provide plaintiffs with overtime compensation for time worked above 40 hours in a workweek, thereby violating 29 U.S.C. § 207(a) of the FLSA.

23. At all times material herein, plaintiffs have worked more than 40 hours in a workweek.

24. At all times material herein, in their duties as HRMs, plaintiffs did not have the responsibility to engage in fire suppression.

25. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful, unreasonable, reckless, and bad faith violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

**Failure to Pay Overtime for All Hours
Plaintiffs Work Above 40 Hours in a Workweek in
<u>Violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)</u>**

26. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) in their entirety and restate them herein.

27. Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

28. At all times material herein, plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a). As a result, at all times material herein, plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

29. On information and belief, until January 2017, defendant failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of 40 hours in a workweek, thereby violating 29 U.S.C. § 207(a).

30. Specifically, in violation of 29 U.S.C. § 207(a), on information and belief, until January 2017, defendant paid plaintiffs based on its erroneous classification of plaintiffs as employees engaged "in fire protection activities" under 29 U.S.C. § 207(k), § 203(y), and 29 C.F.R. Part 553.

31. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours they have worked in excess of 40 hours in a workweek, as specified in the FLSA, 29 U.S.C. § 207(a), wrongly deprived them of the overtime compensation that has been due to them at times material herein.

32. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an

additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

33.    As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

**Prayer for Relief**

WHEREFORE, each plaintiff requests from the Court the following relief:

A.    A declaratory judgment declaring that the defendant has willfully, recklessly, unreasonably, wrongfully, and with a lack of good faith, violated its statutory and legal obligations, and deprived each plaintiff of his rights, protections and entitlements under federal law, as alleged herein;

B.    An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

C. Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post-judgment interest;

D. Reasonable attorneys' fees and the costs and disbursement of this action; and

E. Such other and further relief as the Court deems proper.

### Demand for a Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

May 15, 2017                                              Respectfully submitted,

/s/ Fern M. Steiner
Fern M. Steiner
CA Bar # 118588
Fsteiner@ssvwlaw.com
SMITH, STEINER, VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, California 92101
Telephone: 619-239-7200
Facsimile: 619-239-6048


/s/ T. Reid Coploff
T. Reid Coploff
trc@wmlaborlaw.com
William W. Li
wwl@wmlaborlaw.com
WOODLEY & McGILLIVARY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855
Fax:   (202) 452-1090


*Counsel for Plaintiffs*

# Exhibit A

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of San Diego to recover unpaid overtime compensation and other relief.

BARRY LINKS
Print Name Clearly

*[signature]*
Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of San Diego to recover unpaid overtime compensation and other relief.

_Christopher Souay_
Print Name Clearly

_[signature]_
Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of San Diego to recover unpaid overtime compensation and other relief.

_STEVE VANDEWALLE_
Print Name Clearly

_[signature]_
Signature