Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Links<br>Christopher Sovay<br>Steve Vandewalle<br>Andrea Dominguez<br>Timothy Olson<br>Brian Sanford,<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO<br><br>   Defendant. | CASE NO. 3:17-cv-00996-H-KSC |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

  This Settlement Agreement and Release ("Agreement") is made and entered into by and between the City of San Diego ("City") and Plaintiffs Barry Links, Christopher Sovay, Steve Vandewalle, Andrea Dominguez, Timothy Olson and Brian Sanford (collectively "Plaintiffs"). The City and Plaintiffs are collectively referred to in this Agreement as the "Parties."

## RECITALS

  A. Whereas, Plaintiffs presently are employed by the City of San Diego; and,

  B. Whereas, on May 15, 2017, Plaintiffs Barry Links, Christopher Sovay, and Steve Vandewalle filed the action captioned "Barry Links, et al. v. City of San Diego," Case No. 17cv0996 H (KSC), in the United States District Court, Southern District of California ("the Action") arising out of certain events that allegedly occurred during their employment with the City; and,

  C. Whereas, on May 24, 2017, Plaintiffs filed a First Amended Complaint ("Complaint") that amended the Action to add Plaintiffs Timothy Olson, Andrea Dominguez, Brian Sanford, Daniel Caldwell, Nathan Manson, and

Stacey Nichols; and,

  D. Whereas, Plaintiffs' Action alleges a violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) ("FLSA") and seeks recovery of allegedly unpaid overtime hours and liquidated damages based on a three-year statute of limitations, and reasonable attorneys' fees and costs awardable under the FLSA to a prevailing plaintiff; and,

  E. Whereas, the City filed an Answer to the Complaint denying the material allegations and asserting affirmative defense thereto; and,

  F. Whereas, Plaintiffs' claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations, and requests for damages are disputed; and,

  G. Whereas, on December 6, 2017, Daniel Caldwell, Nathan Manson, and Stacey Nichols voluntarily dismissed their claims against the City with prejudice; and,

  H. Whereas, the Parties have engaged in negotiations in an attempt to resolve their differences and evaluate the data relevant to a settlement calculation, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and,

  I. Whereas, the Parties wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore, based upon their negotiations, agreed to a settlement of the Parties' dispute; and,

  J. Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain if they prevailed after a trial; and,

  K. Whereas, as a result of their negotiations, the Parties wish to settle the Action and resolve and release all disputes and claims arising out of the Action against the City.

  **NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the City hereby enter

into this Agreement and agree as follows:

1. <u>Recitals</u>: The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. The City expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any Party of any violation of law, any past practice or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2. <u>Settlement Terms</u>:

   (a) <u>Settlement Sum</u>: The City shall pay a total of Three Hundred and Seven Thousand Dollars ($307,000) in settlement of all of Plaintiffs' claims in the Action, including attorneys' fees and costs ("Settlement Sum"). Although the Parties do not agree that there is liability regarding Plaintiffs' claims, for purposes of this Agreement, the Settlement Sum represents the agreed upon amount for all overtime compensation allegedly owed to all Plaintiffs and all amounts allegedly owed for liquidated damages, and arising from an alleged three-year statute of limitations for recovery relief, and any and all other damages and/or relief recoverable in the Action, for the full liability period alleged in the Action, including attorneys' fees and costs.

   (b) <u>Allocation of Settlement Sum</u>: Subject to Court approval, the Settlement Sum will be allocated as follows:

   i. Overtime Compensation: The City will pay Plaintiffs the total sum of $125,000 in settlement of Plaintiffs' claims for overtime compensation. Exhibit A to this Agreement lists the specific amount of overtime compensation that will be paid to each Plaintiff. These payments will be subject to the normal wage withholdings for overtime compensation under the FLSA. The City

will provide Plaintiffs with a W-2 form regarding their respective payments for unpaid overtime compensation as required by law.

ii. Liquidated Damages: The City will issue a check in the sum of $125,000.00 to the "Woodley and McGillivary client trustee account" in settlement of Plaintiffs' claims for liquidated damages. The amount of each Plaintiff's liquidated damages will be proportional to the allocations for overtime compensation set forth in Exhibit A. These amounts are subject to the deduction of attorneys' fees and costs consistent with any agreement between Plaintiffs and Plaintiffs' counsel. Notwithstanding, the sum of (1) any amounts deducted from liquidated damages for attorneys' fees, and (2) the payment for attorneys' fees by the City set forth in paragraph 2(b)(iii) below shall not exceed 24% of the gross Settlement Sum of $307,000.

iii. Attorneys' Fees: The Law Firm of Woodley & McGillivary LLP shall receive a separate check payable to the law firm in the amount of $57,000 for attorneys' fees and costs. Except as provided here, each party will bear its own attorneys' fees and costs.

(c)   Taxation: The Parties agree that the payment of liquidated damages to the Plaintiffs' counsel for distribution to the Plaintiffs is not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they are taxable as gross income. Plaintiffs are encouraged to consult with a tax advisor or attorney to independently determine any federal, state, or local tax consequences of the liquidated damages portion of their settlement amounts as no opinion on any tax matter is expressed herein. Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal, state or local agency as required by law. The Plaintiffs agree that the City is not responsible for any tax liability they may suffer as a result of the liquidated damages being subject to taxation. Woodley & McGillivary LLP will provide Plaintiffs with an IRS 1099 form regarding their portion of the liquidated damages as required by law. The City will provide Plaintiffs' Counsel with an IRS 1099

4

    form regarding attorneys' fees and costs. Plaintiffs also understand that the amount that each of them are paid from the Settlement Sum will not be reported to CalPERS for purposes of their retirement benefits.

  (d) <u>Approval</u>: The Parties will present this Settlement Agreement to the Court along with a joint motion requesting the Court's approval of the settlement as fair, reasonable, and adequate under the FLSA.

  (a) No later than 45 days after the Court approves the Settlement Agreement, the City will present the approved Agreement and supporting documents to the necessary boards and authorities for approval, so that those entities can approve the Settlement Sum. Payment to plaintiffs and their counsel shall follow within 60 days after the effective date of the Agreement. The parties agree and stipulate to the Court's continued jurisdiction over matters relating to the enforcement of the Settlement Agreement.

  (b) The payments specified in paragraphs 2(b)(ii) and (iii) shall be delivered to Plaintiffs' attorney, T. Reid Coploff, of Woodley & McGillivary LLP, at 1101 Vermont Ave. NW, Suite 1000, Washington, D.C. 20005.

  3. <u>Resolution of the Action</u>: Each of the Plaintiffs agrees to dismiss with prejudice their claims in the Action, and to withdraw or dismiss any other complaint, claim, grievance, or charge that he or she has filed against the City seeking FLSA overtime compensation and related relief for events occurring up to the effective date of this Agreement. This Agreement extends to any such complaint, claim, grievance, or charge for FLSA overtime compensation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever.

  4. <u>Release of Claims by Plaintiffs</u>: Plaintiffs accept this settlement, and understand that Plaintiffs' acceptance of this settlement constitutes a full and complete settlement of all claims against the defendant City of San Diego under the FLSA that may exist or have existed as of and including the effective date of this Agreement, including all claims made in this lawsuit for unpaid overtime,

5

liquidated damages and attorneys' fees, and Plaintiffs hereby fully, finally and completely release, waive and discharge the defendant City of San Diego, and its officers, agents, employees, successors and assigns from any further claims under the FLSA for anything that has occurred up to and including the effective date of this Agreement.

All Parties to this settlement understand that this Release extends only to all grievances, disputes or claims of every nature and kind, known or unknown, suspected or unsuspected, arising from, or attributable to Plaintiffs' claims that the City of San Diego violated the FLSA up to and including the effective date of this Agreement. The Parties understand that this release does not include claims relating to conduct or activity which does not arise from or is not attributable to Plaintiffs' FLSA claims or to any conduct or activity which occurs after the effective date of this Agreement. The Parties understand that this is a compromise settlement of disputed claims, and that nothing herein shall be deemed or construed at any time or for any purpose as an admission of the merits of any claim or defense.

The Parties further acknowledge that any and all rights granted them under section 1542 of the California Civil Code are hereby expressly waived regarding Plaintiffs' FLSA claims up to and including the effective date of this Agreement, but not as to claims other than FLSA claims. Section 1542 of the California Civil Code provides as follows:

> SECTION 1542. CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

5. <u>Knowledge of Parties</u>:  The Parties understand and agree to the settlement, this Agreement, and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary.  The Parties have relied upon their judgment, belief, knowledge, understanding, and expertise after consultation with their counsel

concerning the legal effect of the settlement and its terms. By signing this document and the releases attached as Exhibit B, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

6. <u>Entire Agreement</u>: This Agreement, Exhibit A, and the Acknowledgement and Release forms for each Plaintiff attached as Exhibit B contains the entire agreement of the Parties regarding the subject matter of this Agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

7. <u>No Additional Representations</u>: Except for the terms of this Agreement, Exhibit A, and the Acknowledgement and Release forms for each Plaintiff attached as Exhibit B, Plaintiffs and the City, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

8. <u>Warranty of Non-Assignment</u>: The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

9. <u>Binding Agreement</u>: The Agreement, Exhibit A, and the Acknowledgement and Release forms for each Plaintiff attached as Exhibit B, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors, and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third-party beneficiary contract.

10. <u>Confidentiality and Disclosure of Negotiations</u>: The Parties each agree to maintain the confidentiality of the negotiations underlying this Agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss the negotiations, except as necessary in the ordinary course of City business.  This provision shall not extend to any information relating to the

negotiations of this Agreement that the City may be required to disclose pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, et seq., the California Public Records Act, Government Code section 6250, et seq., or the provisions of any other law or regulation requiring disclosure of information by public entities.

   11.   <u>Interpretation and Construction</u>:   Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

   12.   <u>Governing Law and Venue</u>:   The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary federal law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Superior Court for the County of San Diego and/or the United States District Court for the Southern District of California, to the extent of that Court's jurisdiction.

   13.   <u>Breach, Waiver and Amendment</u>:   No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

   14.   <u>Execution</u>:   This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

   15.   <u>Effective Date</u>:   This Agreement shall become effective following execution by the parties, by their counsel, by the City of San Diego following City Council and Mayoral approval, and the approval of the Court.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

Dated:_____, 2018                         CITY OF SAN DIEGO

                                           By:_____
                                                  City of San Diego


**RELEASES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AS EXHIBIT B AND INCLUDED HEREIN BY THIS REFERENCE**.

**APPROVED AS TO FORM**:


Dated:  April 26, 2018                      SMITH, STEINER, VANDERPOOL & WAX



                                           By:    */s/ Fern M. Steiner*
                                                  Fern M. Steiner
                                                  Attorney for Plaintiffs



Dated:  April 26, 2018                      WOODLEY & McGILLIVARY LLP



                                           By:    */s/ T. Reid Coploff*
                                                  T. Reid Coploff
                                                  Attorney for Plaintiffs

Dated: April 26, 2018          MARA W. ELLIOTT, City Attorney

By   */s/ Alison P. Adema*
       Alison P. Adema

Deputy City Attorney

Attorneys for Defendant City of San Diego